2026 IL App (1st) 251157-U

No. 1-25-1157

Order filed June 26, 2026

Fifth Division

**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

IN THE

APPELLATE COURT OF ILLINOIS

FIRST DISTRICT

| | | |
|---|---|---|
| PETER E. SIAKPERE, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellant, | ) | Cook County. |
| | ) | |
| v. | ) | No. 24 M2 004452 |
| | ) | |
| CAROLYN ALEXANDER, | ) | Honorable |
| | ) | James L. Allegretti, |
| Defendant-Appellee. | ) | Judge, presiding. |

JUSTICE ODEN JOHNSON delivered the judgment of the court.
Presiding Justice Mitchell and Justice Mikva concurred in the judgment.

**ORDER**

¶ 1     *Held*: We affirm the judgment of the trial court where plaintiff failed to provide a sufficiently complete record on appeal for review.

¶ 2     Plaintiff Peter E. Siakpere appeals *pro se* from the trial court's order dismissing with prejudice an eviction action that he brought against defendant Carolyn Alexander. On appeal, Siakpere argues that the trial court abused its discretion in dismissing the case with prejudice and

violated due process by failing to conduct a fair hearing on the merits. Because Siakpere did not present a sufficiently complete record on appeal for our review, we affirm.

¶ 3    The following background is gleaned from the limited record on appeal, which comprises only the common law record.

¶ 4    On November 7, 2024, Siakpere filed a *pro se* eviction complaint against Alexander. Siakpere alleged that he owned a property located on the 300 block of Dover Drive in Des Plaines (Dover property) and that Alexander was trespassing thereon. Siakpere demanded possession of the Dover property, court costs, and attorney fees.

¶ 5    On April 10, 2025, Siakpere filed a motion asserting that, on December 20, 2024, the court struck the matter from the call "based on a phone call" that occurred without his knowledge. He argued that the ruling was incorrect because his company owned the Dover property. He maintained that an "April 2, 2019, quit claim deed which [was] purportedly signed by [him and] transferred ownership to Carolyn Alexander" had been forged. He attached copies of the purported quit claim deed and newspaper articles showing that the notary, who purportedly witnessed him sign the quit claim deed, had been sentenced to federal prison for embezzlement.

¶ 6    On May 30, 2025, the court entered an order finding that Siakpere did not own the Dover property and dismissing the case with prejudice. The order stated that Siakpere was present "via Zoom through counsel" and Alexander also was present.

¶ 7    Siakpere appealed.

¶ 8    On its own motion, this court entered an order taking the appeal on the record and Siakpere's brief only where Alexander failed to file a brief within the time prescribed by Illinois Supreme Court Rule 343(a) (eff. July 1, 2008). See *First Capitol Mortgage Corp. v. Talandis*

*Construction Corp.*, 63 Ill. 2d 128, 133 (1976) (case may be taken on appellant's brief only where the issues are simple and can be decided without additional briefing).

¶ 9    On appeal, Siakpere argues that the trial court violated due process by failing to conduct a fair hearing and abused its discretion when it dismissed the case with prejudice.

¶ 10    At the outset, deficiencies in the record prevent us from reviewing this appeal on the merits. Siakpere, as appellant, bears the burden of presenting this court with a sufficiently complete record to support his claims of error. See *Foutch v. O'Bryant*, 99 Ill. 2d 389, 391-92 (1984) ("From the very nature of an appeal it is evident that the court must have before it the record to review in order to determine whether there was the error claimed by the appellant."). Any doubts that may arise due to the incompleteness of the record are resolved against Siakpere. *Id.* at 392.

¶ 11    Illinois Supreme Court Rule 321 (eff. Oct. 1, 2021) states that the record on appeal shall include the "entire original common law record" and "any report of proceedings prepared in accordance with Rule 323." Under Illinois Supreme Court Rule 323 (eff. July 1, 2017), the report of proceedings may be a transcript of the proceedings, bystanders report, or agreed statement of facts.

¶ 12    Here, the record on appeal lacks a report of proceedings or substitute therefor. The court's written order finding that Siakpere does not own the Dover property indicates that both Siakpere and Alexander appeared via Zoom on May 30, 2025, after which judgment was entered. Without a report of proceeding or an acceptable substitute, this court has no knowledge of what testimony, evidence and exhibits, and arguments, if any, were presented to the court and the basis for the court's order dismissing the case. Thus, the record is insufficient for our review of the merits of Siakpere's appeal.

¶ 13    Although Siakpere's argument partially depends on the purported quit claim deed, the copy that is included in the record is largely illegible. Accordingly, we cannot be certain as to what that deed states. As stated, the appellant has the burden of showing error and any doubt arising from the incompleteness of the record will be resolved against the appellant. *People v. Kirkpatrick*, 240 Ill. App. 3d 401, 406 (1992). We therefore must presume that the trial court acted in compliance with the law and had a sufficient factual basis for its findings. *Foutch*, 99 Ill. 2d at 391-92; *Corral v. Mervis Industries, Inc.*, 217 Ill. 2d 144, 156-57 (2005).

¶ 14    For the foregoing reasons, we affirm the judgment of the circuit court.

¶ 15    Affirmed.